COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

CYNTHIA S. HUMPHREY

v.        Record No. 0650-95-3          MEMORANDUM OPINION[*]
                                             PER CURIAM
QUARLES Q-STOP DIVISION                  OCTOBER 17, 1995
AND
LIBERTY MUTUAL INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (A. Thomas Lane, Jr., on brief), for appellant.

          (Beth M. Coyne; Fowler, Griffin, Coyne & Coyne, on
     brief), for appellees.


     Cynthia S. Humphrey (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that certain periods of total and partial

disability were causally related to her compensable August 11,

1993 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proving causation, the commission's

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied claimant's temporary total disability application on the ground that she failed to show that her hospitalizations and resultant work disability were caused by her compensable back injury. The commission found as follows:

> Absent a more definitive medical opinion justified by the record that [claimant's] injury contributed to the situational psychological problems that induced the medication overdoses, we cannot infer such a causal relationship from the record before us. We cannot find from the contemporaneous treatment reports that fail to show a significantly painful symptomatology that a causal association should be inferred. We also note that these July 1994 incidents were prompted by other factors, most notably her social interpersonal relationships, and possibly her interpersonal associations at work, and these appear to be the cause of those dramatic depressions. We also note that the treatment required of [claimant's] preexisting depression did not appear to change over the period after the accident and before the July 1994 overdose, although her symptomatology persisted during that time. The failure of the treating physicians to express any concern with the claimant's psychological condition over this period suggests that the July 1994 overdoses were prompted by and resulted only from specific independent situational factors that confronted [claimant].

In denying claimant's application seeking temporary partial disability beginning August 22, 1994, the commission found as follows:

> [T]he evidence does establish [claimant] is unable to return to and perform all the tasks of her pre-injury work. However, the employer modified [claimant's] job tasks to

2

accommodate restrictions imposed by the treating orthopedic physician, so [claimant] was able to earn her pre-injury wage until she requested the transfer to a subordinate position. Dr. Chappell's June 10, 1994 letter report does not advise that [claimant] is unable to perform her managerial tasks because of her work injury, only that she would feel more comfortable in a less stressful job. This is certainly understandable, but the employer cannot be liable for [claimant's] unwillingness to continue suitable work, only for an incapacity to perform it. Her actual capacity to perform the modified work offered by the employer is established in the July 22, 1994 letter report of Dr. Chappell, who notes only physical restrictions that the employer was willing to and did accommodate. To the extent that the job as a manager was more stressful and was contraindicated at the time because of her psychological condition, we determined supra that such condition is not related to the work accident. We cannot hold the employer liable in this case for disability unrelated to the work accident.

These factual findings are consistent with the record and support the decision of the commission. Therefore, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that her disability was caused by her compensable August 11, 1993 injury by accident. Accordingly, we affirm the commission's decision.

Affirmed.

3